UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| DINA A. FRANCIS, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil No. 1:14-cv-210-DBH |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant | ) | |

**DECISION AND ORDER ON MOTION TO DISMISS**

This is a medical malpractice case. The care provider in question is Pleasant Point Health Center (PPHC). PPHC is a tribally operated (Passamaquoddy tribe) facility under Title I of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450-458ddd-2. As a result, the malpractice claim lies against the United States and is governed by the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). A two-year statute of limitation governs such claims. Id. § 2401(b). It is undisputed that the plaintiff here made her claim against the United States outside the two-year window. She claims that equitable estoppel or equitable tolling should nevertheless allow her to proceed. I conclude that under First Circuit precedents, these judicial doctrines do not apply. I therefore **Grant** the government's motion to dismiss.

**Facts**

I take the facts as stated in the complaint and the parties' affidavits. The plaintiff received health care from PPHC, Calais Regional Hospital, and Eastern

Maine Medical Center (EMMC). PPHC was her primary care provider. While the plaintiff was at EMMC, EMMC ordered tests for possible porphyria on January 21, 2011. The results were not yet available when EMMC discharged her on January 25, 2011, but EMMC did notify PPHC that the tests were pending. PPHC continued to treat the plaintiff without seeking the outcome of the tests (they were positive for porphyria) and eventually the plaintiff underwent surgical removal of her uterus, right ovary and gallbladder at EMMC on March 4, 2011, on the basis of a diagnosis of endometriosis and gall bladder disease. Only after that surgery did she learn that she had acute intermittent porphyria, which would not have required such a drastic treatment. She requested records from both EMMC and PPHC. EMMC furnished records showing that it had made the request for tests and had notified PPHC that they were pending. But the records PPHC disclosed to the plaintiff did not include anything from EMMC. At that point the plaintiff's lawyers "decided to focus her evaluation on claims against providers at EMMC." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4 (ECF No. 14) ("Pl.'s Opp'n"). Then on July 11, 2013, outside the two-year federal limitations period, the plaintiff's medical expert advised her lawyers that she should assert a claim against PPHC as well as EMMC, even though the plaintiff did not have a PPHC record showing that it had been notified of the test request, id. at 11 ("despite the lack of documents")—because as the primary care provider PPHC "had a duty to follow up on potential testing pending at the time of her discharge on January 25, 2011," id. at 5. Accordingly on August 14, 2013, the plaintiff filed the necessary administrative claim under the FTCA. It was rejected as untimely. On January 14, 2014, the plaintiff filed her notice of claim against EMMC in

state court, where there is a three-year statute of limitation. Only in response to a February 2014 document subpoena in that case did she receive the records from PPHC showing that back in January of 2011 it had in fact received notice from EMMC concerning the pending tests for porphyria.

**ANALYSIS**

Equitable estoppel and equitable tolling are closely related. See <u>Ramirez-Carlo v. United States</u>, 496 F.3d 41 (1st Cir. 2007). I treat them separately because the lawyers here have done so. But the discussion in one clearly overlaps the discussion in the other.

*Equitable Estoppel*

Equitable estoppel is available under the FTCA. <u>Ramirez-Carlo</u>, 496 F.3d at 49. It requires proof of an affirmative representation or affirmative concealment of a material fact by a defendant, and proof that the plaintiff reasonably relied on the misrepresentation to her detriment. <u>Id</u>. The plaintiff's argument here is that in responding to her lawyers' early requests for medical records about the plaintiff within the limitations period, PPHC's failure to forward the documents that PPHC had received from EMMC was an affirmative concealment.[1] I think that proposition is dubious, particularly given the plaintiff's lawyers apparent, contemporaneous recognition that they had not received complete records from PPHC.[2] The First Circuit also requires "evidence

---

[1] "By withholding certain documents in response to Plaintiff's request for complete records, PPHC made an affirmative misrepresentation regarding the contents of its files." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8 (ECF No. 14).
[2] The lawyer's letter of October 31, 2013, seeking reconsideration of the federal administrative rejection of the FTCA claim, states:

3

of the defendant's 'improper purpose or his constructive knowledge of the deceptive nature of his conduct' . . . in the form of some 'definite, unequivocal behavior . . . fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security.'" Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675, 679 (1st Cir. 2011). No such evidence is presented here. And in any event, I conclude that it was unreasonable for the plaintiff's lawyers to rely on the "concealment," given that the EMMC records in their possession showed documents going from EMMC to PPHC that PPHC was not disclosing. Under these circumstances, reliance on the completeness of the PPHC documents was unreasonable. I develop this conclusion further in discussing the due diligence requirement of equitable tolling.

*Equitable Tolling*

Equitable tolling is also available under First Circuit precedents. See Sanchez v. United States, 740 F.3d 47, 54 (1st Cir. 2014). But "due diligence is a sine qua non for equitable tolling." Id. at 55 (quoting Donahue v. United States, 634 F.3d 615, 629 (1st Cir. 2011)).

On the topic of due diligence in failing to make her claim against PPHC/the United States until August 2013, the plaintiff says that "[i]n reliance on the documents received from PPHC, Francis' attorneys concluded that PPHC had not

---

> My office initially requested Ms. Francis' records from Pleasant Point Health Care on September 12, 2012. These requests were renewed on October 1, 2012, and October 16, 2012. We received a portion of Ms. Francis' records on October 26, 2012. On April 3, 2013, April 26, 2013, May 8, 2013, May 15, 2013, and May 24, 2013, my office requested additional records from Pleasant Point Health Care. We received additional records on May 30, 2013.

Pl.'s Letter to Dep't of Health and Human Servs. Office of Gen. Counsel dated Oct. 31, 2013 at 2 (ECF No. 16-7).

4

been notified of her pending tests at the time of her discharge from EMMC on January 25, 2011." Pl.'s Opp'n at 4. It is undisputed that the EMMC records that the plaintiff received from EMMC on October 16, 2012, included one that showed that EMMC had requested the porphyria tests in January 2011. Id. at 3. The plaintiff says that "[t]hough [that document] contains a notation regarding a copy to PPHC, the document to which this notation refers is not clear." Id. at 12. I fail to discern the ambiguity. At the end of the document, it says "Copy sent to patient's primary care provider." E_Discharge Order at 3 (ECF No.16-3). That is a clear indication that PPHC was on notice of the pending tests.

So even though the PPHC records the plaintiff received at first did not include the notification of pending tests for porphyria, the plaintiff or her lawyers had the basis, at least as of October 2012, for asserting their claim against PPHC within the two-year limitations period.[3] The apparent justification for *not* filing against PPHC then was that "Plaintiff's counsel does [not] recall another instance prior to October 2012 when a document of this form was present in a medical file he has reviewed from a primary care provider." Pl.'s Mem. at 3.[4] That justification is simply insufficient to constitute due diligence, given that the EMMC record *did* show notice to PPHC. The plaintiff maintains that she was doing her due diligence by requesting the PPHC records, and that she was "thwarted by bad information" from PPHC. Id. at 10. To some extent that is

---

[3] I also observe that the plaintiff agrees that a different document did clearly show a copy going to PPHC. Pl.'s Opp'n at 4; Aff. of Craig Bramley ¶ 9 (referring to the discharge summary). Since PPHC initially provided the plaintiff *no* documents that it had received from EMMC, Bramley Aff. ¶ 11, including the discharge summary, this omission too should have put the plaintiff's lawyers on notice that the file was incomplete.
[4] I have added the word "not" because that is what the lawyer's supporting affidavit says. The omission of the negative in the memo is obviously a scrivener's error.

belied by the opinion of her own expert who recommended that a claim be filed against PPHC on the basis that, records or not, PPHC had an obligation to follow up on the EMMC treatment of January 2011.  (That what the plaintiff did, but after the two-year limitation period had expired.)  Nothing prevented the plaintiff's lawyers from reaching that conclusion earlier.

I am not happy with PPHC's insufficient records disclosure at the outset.  If there were any hint that it was a strategic attempt to avoid liability, the outcome would be different.[5]  But under these facts and under applicable First Circuit precedent, the outcome is clear.

The motion to dismiss is **GRANTED**.

**SO ORDERED.**

**DATED THIS 30TH DAY OF SEPTEMBER, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[5] The plaintiff has not made any claim of fraudulent concealment.  That doctrine requires that
> First, the defendant raising the limitations defense must have engaged in fraud or deliberate concealment of material facts related to the wrongdoing. Second, the plaintiff must have failed to discover these facts within the normal limitations period despite his or her exercise of due diligence.

Gonzalez v. United States, 284 F.3d 281, 292 (1st Cir. 2002).